```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF NEBRASKA

RICHARD OTTO HANSEN,           )
                               )
              Plaintiff,       )       4:08CV3045
                               )
       v.                      )
                               )
JANE OR JOHN DOE, in her or    )       MEMORANDUM OPINION
his official capacity as an    )
Officer of the Nebraska        )
State Patrol,                  )
                               )
              Defendant.       )
_____)
```

This matter is before the Court on plaintiff's complaint and the motion for service of process (Filing No. 4). Plaintiff has been given leave to proceed *in forma pauperis* (Filing No. 8). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on March 12, 2008, against one Defendant, "Jane or John Doe." (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that defendant is employed as an officer of the Nebraska State Patrol (*Id.* at CM/ECF p. 2). When plaintiff mailed the complaint, he was confined in the "Federal Bureau of Prisons (BOP); Medical Center for Federal Prisoners (MCFP); Springfield Missouri." (*Id.*; *See* Docket Sheet.) However, plaintiff was released and now resides in Superior, Nebraska (Filing No. 9).

Plaintiff alleges that "[o]n or after March 11, 2008," defendant will deprive plaintiff of his federal constitutional right "not to be deprived of liberty without due process of law" because plaintiff will "refuse or fail to register as a sex offender." (Filing No. 1 at CM/ECF pp. 3-7.) Plaintiff seeks monetary damages in the amount of $150,000.00, and a permanent injunction against the State of Nebraska that prevents the application of "Neb. Rev. Stat. § 29-4003 (1)(a)(vii)" against the plaintiff (Filing No. 1 at CM/ECF p 7).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and

setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

In order for plaintiff to proceed against defendant, he must have standing to bring his claims. Standing is a jurisdictional requirement, which "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). In addition, as set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

Under Article III of the United States Constitution, federal courts may only adjudicate actual cases and controversies. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) ("The core component of the requirement that a litigant have standing to invoke the authority of a federal court is an essential and unchanging part of the case-or-controversy requirement of Article III."). To establish standing, "a

-3-

plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing requires more than simply a "generalized grievance." *United States v. Hays*, 515 U.S. 737, 743 (1995). Further, the injury must be "concrete," not "conjectural" or "hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

Here, plaintiff alleges that at some unknown date "[o]n or after March 11, 2008," defendant *will* deprive plaintiff of his federal constitutional right "not to be deprived of liberty without due process of law" because plaintiff *will* "refuse or fail to register as a sex offender." (Filing No. 1 at CM/ECF pp. 3-7 (emphasis added).) Plaintiff's entire complaint is therefore based on conduct by an unknown defendant that has yet to occur, and may never occur. Thus, as alleged, plaintiff has suffered no injury and cannot establish a "causal relationship" between a non-existent injury and non-existent conduct. In short, plaintiff's complaint is merely "hypothetical" and plaintiff lacks standing to proceed. Because the plaintiff lacks standing, the Court lacks subject matter jurisdiction over plaintiff's claims and the complaint will be dismissed. However, the Court

will dismiss plaintiff's complaint without prejudice to reassertion if the events in plaintiff's hypothetical complaint actually occur. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 21st day of July, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court